UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ERIC SCHONFARBER          CIVIL ACTION NUMBER _____

VS.          JUDGE

LEWIS OKEY SAMS          MAGISTRATE JUDGE

## COMPLAINT FOR DAMAGES

The Complaint of ERIC SCHONFARBER, Plaintiff herein, respectfully shows:

1.

Plaintiff brings this action to recover from the defendant compensatory damages, punitive damages, reasonable attorney's fees, judicial interest, and all costs and expenses incurred in these proceedings pursuant to 42 United States Code, Sections 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and other statutes and constitutional provisions based upon the following:

## <u>PARTIES</u>

2.

ERIC SCHONFARBER is Plaintiff in this proceeding.

3.

Made Defendant herein is LEWIS OKEY SAMS, a person of full age of majority, domiciled and residing in Coushatta, Red River Parish, State of Louisiana, who is being sued herein individually and in his capacity as an agent of the Thirty-Ninth Judicial District Court. Reference to "Defendant" or "Defendants" herein shall mean one or more individual entities described above, and co-conspirators acting in concert with them. Plaintiff sues each and all individual defendants in both their individual capacity and their official or governmental capacities.

**JURISDICTION AND VENUE**

4.

This is a civil action seeking damages against defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, for conspiring for the purpose of depriving Plaintiff of liberty and property without due process of law, depriving Plaintiff of equal protection of the law, the right to just compensation, the right to be free from unreasonable searches and seizures, and the right to property as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and other statutes and constitutional provisions. This Court has jurisdiction under 42 United States Code, Section 1983 and 1988, and 28 United States Code, Sections 1331 and 1343. Jurisdiction of this Court is further invoked pursuant to 28 United States Code, Section 1367, in its exercise of supplemental jurisdiction over Louisiana State Law claims that are so related to claims in the action within the district court's jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

5.

Venue is proper in this district and division pursuant to 28 United States Code, Section 1391(b).

## STATEMENT OF FACTS

6.

At all times pertinent herein, ERIC SCHONFARBER was a duly-authorized Louisiana State Police Trooper and all issues arise out of the performance of his duties and the actions of Defendants in response.

7.

At all times material to this complaint, Defendant and others acting in concert with him, acted under color of the statutes, customs, ordinances and usage of the laws of the State of Louisiana, Thirty-Ninth Judicial District, Parish of Red River, and judicial system of the State of Louisiana.

8.

On June 29, 2009, Eric Schonfarber was in the course and scope of his employment as a member of the Louisiana State Police, which is part of the executive branch of the government of the State of Louisiana and was acting lawfully at all material times herein.

9.

On that date, Trooper Schonfarber was enforcing seat belt laws as part of his required duties, on a stretch of US Highway 84, in Coushatta, Red River Parish, Louisiana.

10.

Stationed at the Coushatta School on U.S. Highway 84, Trooper Schonfarber observed and cited several motorists who violated Louisiana Revised Statute 32:295, the State statute requiring proper use of a seatbelt restraint.

11.

One of the violators Trooper Schonfarber attempted to stop near the school ignored the signals on the Louisiana State Police unit and continued driving onto the parking lot at the Red River Parish courthouse, where he ultimately stopped and exited his pickup truck.

12.

This driver displayed his wallet where Trooper Schonfarber could see what appeared to be a Louisiana State Police badge, as the driver removed and produced his driver's license, but Defendant would not permit further lawful investigation, despite being given ample opportunity to comply.

13.

When asked where he worked, the driver indicated he worked "for the Judge", indicating non-verbally toward the courthouse. The Defendant refused to allow examination of the badge or provide credentials.

14.

A confrontation occurred on the courthouse parking lot over that which appeared to be a Louisiana State Police badge possessed by the seat belt violator and his refusal to cooperate with further investigation by Trooper Schonfarber.

15.

Trooper Schonfarber was within his rights and responsibilities to conduct a "Terry stop", in accordance with State and Federal law, including but not limited to, Louisiana Code of Criminal Procedure article 215.1, which authorizes an officer to investigate a crime that has been committed, is being committed, or is about to be committed.

16.

Louisiana criminalizes use of any badge or other indicia of law enforcement authority under certain circumstances by persons other than police officers. La. R.S. 14:112; 14:112.1.

17.

State law expressly prohibits non-state law enforcement from having badges shaped like the Louisiana State Police badge. La. R.S. 40:1376 (F).

18.

Even security guard badges are closely regulated. La. R.S. 37:3290, 3291.

19.

There is no statutory authority for badge use by members of the judiciary, who do not ordinarily visit active crime scenes, or perform investigatory or prosecutorial functions, which might necessitate the showing of a badge for identification and certification of law enforcement authority, and the Attorney General has opined that judicial officers can be cited for false personation and are not authorized to possess and use badges.

20.

Badge use is contraindicated by neutral and detached magistrates

21.

During the entire roadside exchange, Trooper Schonfarber was never advised that the Defendant herein *was* the District Judge and the Defendant never *verbally* requested special treatment or indicated that he was on official business.

22.

A Red River Parish employee who was also commissioned as a Deputy Sheriff witnessed enough of the confrontation and offered to assist the Trooper to overcome the physical resistance employed by the Defendant, whom he knew.

23.

Upon information and belief, beginning immediately after the traffic stop, the Defendant and others began and continue efforts to get Trooper Schonfarber severely

disciplined or fired, after which the true identity of the violator was made known to the Trooper.

24.

Through an unattributed spokesman, Defendant attempted to appear to the public that he was not using his position, while doing so behind the scenes.

25.

Simultaneously, the Defendant LEWIS OKEY SAMS sought and obtained arrest warrants as the affiant, which is a customary function of law enforcement and ordinarily within the purview of the executive branch of government of the State of Louisiana and its political subdivisions. Instead of being performed by an objective investigation, the arrest was instead the result of vindictive and malicious prosecution.

26.

The warrants, which were improperly obtained and improvidently granted, were for simple battery, aggravated assault, and false imprisonment while offender armed with a dangerous weapon, the latter of which is a felony. All three offenses were legally justified in the premises and subsequent investigations by the Internal Affairs Division of the Louisiana State Police resulted in complete exoneration.

27.

The Louisiana Attorney General's Office, acting following recusal by the District Attorney for the Thirty-Ninth Judicial District, found the charges not suitable for

prosecution and gave Defendant a political out to request his criminal complaint be withdrawn.

28.

In the days, weeks and months that followed, T. Taylor Townsend, on behalf of Defendant LEWIS OKEY SAMS, has published malicious and materially untrue allegations about Plaintiff, conspiring with Defendant and others to damage the reputation of Plaintiff, get him fired or disciplined, subject him to ridicule, and invade his privacy.

29.

Plaintiff asserts, upon information and belief, that the allegations in the affidavit upon which these warrants were obtained are at variance with other accounts by the affiant, including but not limited to, statements to various members of the Louisiana State Police and its Internal Affairs Division.

30.

Plaintiff asserts, upon information and belief, that the affidavit in support of the application contained erroneous or untrue statements, and therefore the warrants could have and should have been quashed had that opportunity been available and that the warrant process was tainted and violative of Plaintiff's civil rights.

31.

The alleged violations of law sworn to by the Defendant, but, upon information and belief, never investigated by a law enforcement agency prior to issuance of warrants, included two misdemeanor offenses: simple battery and aggravated assault; and one felony: false imprisonment while the offender was armed with a dangerous weapon.

32.

The acts complained of are legitimate everyday functions of law enforcement and a necessary exercise of the police power of the State of Louisiana.

33.

In addition, Trooper Schonfarber enjoys the immunities attendant to the good and faithful discharge of his duties. The Louisiana Legislature has provided immunities for law enforcement, which are applicable herein. La. R.S. 9:2798.1 and others. Immunity for State Police is specifically granted by La. R.S. 40:1379. Other laws may apply.

34.

False imprisonment has as an element of the offense the lack of lawful authority to detain an individual, whereas Trooper Schonfarber was in a marked police unit, in uniform, on duty and conducting an investigation into violations of law. These facts have been admitted by Defendant is another court filing.

35.

Acting under color of law, the Defendant had a law enforcement officer arrested. An ordinary citizen would have been subjected to investigation and arrest for filing a false police report, injuring the public record, false swearing or other charges. Defendant and others acted under color of law in obtaining and executing these warrants.

36.

Trooper Schonfarber was ordered to Troop G Headquarters by Captain Tom D. Madden, Jr. under false pretenses, where he was not free to leave or obtain counsel and was transported to and subsequently booked at the Red River Parish jail. He was photographed, fingerprinted and entries of his arrest made into the State and National Crime Information Centers. Trooper Schonfarber was released on his own recognizance.

37.

Expungement is an expensive, time-consuming and ineffective process to clear one's name; and the Louisiana statutory scheme provides inadequate remedies to restore the *status quo ante,* thereby further violative of Plaintiff's rights under color of law.

38.

Trooper Schonfarber submits that his rights under the Louisiana and Federal Constitutions, statutory law and jurisprudence were violated, including but not limited to

false arrest or imprisonment, defamation, violation of privacy rights, intentional infliction of emotional distress, interference with employment, interference with contracts, and other tortious conduct that may be proven at trial.

39.

Trooper Schonfarber's civil rights were violated by the actions of Defendant, in contravention of 42 U.S.C. 1983 and 42 U.S.C. 1988.

40.

The rather unflattering photograph and details of his arrest, including unattributed sources "close to the Judge" versions of the occurrence, including highly inflammatory and untrue descriptions of the events were published locally, throughout the State, Nation and World; and continue to be available in a number of internet forums and websites, including but not limited to, gun owner and "Bad Cop" sites, further damaging the reputation of Trooper Schonfarber, violating his right to privacy and other injuries he has sustained. Media accounts suffering from terminological inexactitude noted Judge Sams declined comment but relied heavily on second-hand hearsay from a person who "spoke with the Judge". These same accounts reported that Judge Sams refused to use his position to get out of the ticket. Plaintiff controverts these claims, and upon information and belief, shows Judge Sams has used his position to avoid traffic tickets.

41.

Upon information and belief, T. Taylor Townsend is the source of some of the "publications" of information favorable to Defendant and adverse to Plaintiff; and that

these malicious publications were made wantonly, willfully and with reckless disregard for the truth. T. Taylor Townsend vigorously lobbied State Police officials to get Plaintiff fired. Although T. Taylor Townsend and the Defendant are "public figures" as present or former elected officials, Plaintiff did not choose to be thrust into the public limelight.

42.

The actions of T. Taylor Townsend were not privileged, were outside the just and proper exercise of his professional duties and responsibilities, acting in concert with the Defendant herein, under color of law, to have Plaintiff falsely arrested, thereby obtaining a criminal record that cannot be resolved under the present statutory scheme, and in sullying the reputation of Trooper Schonfarber in a choreographed effort to seek his dismissal, severe punishment, financial harm and personal injury.

43.

The Attorney General's Office, acting in response to recusal by the Red River District Attorney, declined to prosecute Trooper Schonfarber, after completing its investigation, and the Defendant was allowed the political expendiency to "withdraw his criminal complaint."

44.

The appropriate legal authority to investigate this matter as criminal violations, the Red River Sheriff, was limited in its involvement to the ministerial functions of booking and maintaining local records, and as a party to and beneficiary of expungement.

45.

Causing a law enforcement officer to be arrested on serious charges, and the foreseeable after-effects, based upon unsubstantiated allegations, no outside criminal investigation, and in such manner ordinary citizen complainants could not perform, with the resulting injury to reputation, has a chilling effect on the proper exercise of the rights and responsibilities of members of the affected executive branch in the discharge of their duties; and does violence to the separation of powers doctrine enshrined in the Louisiana Constitution. Plaintiff was arrested without probable cause, for the reasons set forth herein and for the evidence to be adduced at trial.

46.

The warrants were issued in error, without the customary investigation by a law enforcement agency and without full appreciation of the facts and circumstances leading up to the application.

**COUNT ONE**

**UNLAWFUL DETENTION**

47.

Plaintiff re-alleges Paragraph 1 through 46 as though fully set forth herein.

48.

ERIC SCHONFARBER was unlawfully and unreasonably detained as a direct result of the actions of Defendant and others acting in furtherance of the conspiracy,

specifically, Captain Tom D. Madden, Jr., who possessed information that Plaintiff was the subject of unlawful or questionable warrants and who, through artifice and design and improper influence, took custody of Plaintiff, depriving Plaintiff of his ability to seek legal counsel and the opportunity to challenge or stay execution of the warrants on legal grounds, constituting unlawful and malicious detention and confinement, intentional and deliberate indifference and callous disregard of Plaintiff's rights, thus depriving said Plaintiff of his right against deprivation of liberty without due process, and of his right to equal protection of the laws in violation of the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983 and 1988.

49.

These Constitutional deprivations render Defendant liable to Plaintiff for full compensatory damages, attorney's fees and costs of this action, sufficient to remedy the damage to Plaintiff and for additional punitive damages.

## COUNT TWO

## DEPRIVATION OF RIGHT TO REMAIN SILENT AND SELF-INCRIMINATION

50.

Plaintiff re-alleges Paragraph 1 through 47 as though fully set forth herein.

51.

Plaintiff was further deprived of the rights to remain silent and against self-incrimination by Glen Edwards, who compelled Plaintiff to make a written statement, without advisement of his rights and without legal counsel, concerning the incident with

Defendant LEWIS OKEY SAMS, despite the matter being currently and properly investigated by the Internal Affairs Division of Louisiana State Police. Upon information and belief, Glen Edwards evaluated the contents of that statement and communicated its contents to Defendant LEWIS OKEY SAMS, in furtherance of the acts of Defendant.

52.

These actions constitute intentional and deliberate indifference and callous disregard of Plaintiff's rights, thus depriving said Plaintiff of his right against deprivation of liberty without due process, and of his right to equal protection of the laws in violation of the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983 and 1988.

53.

These Constitutional deprivations render Defendant liable to Plaintiff for full compensatory damages, attorney's fees and costs of this action, sufficient to remedy the damage to Plaintiff and for additional punitive damages.

## COUNT THREE

## UNNECESSARY INFLICTION OF EMOTIONAL DISTRESS

54.

Plaintiff re-alleges Paragraph 1 through 53 as though fully set forth herein.

55.

In causing Plaintiff to be detained, fingerprinted, photographed, and the foreseeable publication of the booking photograph, and in releasing statements through proxies, and in creation of a criminal record in local, State and Federal criminal records databases, Defendant and others acting in concert in furtherance of Defendant's objectives, Defendant subjected Plaintiff to embarrassment, humiliation and mental anguish by disrupting his lawful activities and intentionally leading his co-workers, other law enforcement officers, courthouse employees, and other members of judiciary, as well as the general public, to believe that Plaintiff had committed crimes. Through these actions, Defendant deprived Plaintiff of his rights of due process and equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Sec. 1983 and 1988.

56.

These Constitutional deprivations render Defendant liable to Plaintiff for full compensatory damages, attorney's fees and costs of this action, sufficient to remedy the damage to Plaintiff and for additional punitive damages.

**COUNT FOUR**

**PERSONAL DAMAGES**

57.

Plaintiff re-alleges Paragraph 1 through 56 as though fully set forth herein.

58.

Pursuant to the Court's supplemental jurisdiction, Plaintiff shows that Defendant and others acting in concert with him in furtherance of his objectives unlawfully and unreasonable detained Plaintiff, denied him his rights to counsel, due process, and to remain silent and against self-incrimination; and deprived Plaintiff of rights under state law, and as specifically set forth above, including but not limited to, the Louisiana Constitution of 1974, as amended, Louisiana Civil Code articles 2315, 2317 and 2320, and committed the specific torts of abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, invasion of privacy, defamation, casting false light, intentional or negligent misinformation, and general negligence.

59.

Defendant, an experienced lawyer, prosecutor and jurist, knew or should have known, that his actions and those acting in concert in furtherance of his objectives, would harm Plaintiff and more probably than not, result in severe discipline or termination and irrevocable damage to Plaintiff, including but not limited to, damage to reputation; exposure to professional and personal ridicule; loss of privacy; economic loss; and other damages that may be proven at trial.

60.

These state law violations render Defendant liable to said Plaintiff for full compensatory damages and costs of this action sufficient to remedy the damage to Plaintiff.

61.

These non-exclusive State law deprivations render Defendant, along with other named, unnamed or unknown participants or conspirators, liable to Plaintiff for full compensatory damages, including general damages, special damages, punitive damages, attorney's fees and costs of this action.

## **PRAYER**

Wherefore, PLAINTIFF PRAYS for judgment herein in his favor and against the Defendant in the following particulars:

a. For judgment in favor of Plaintiff and against Defendant for complete compensatory damages with respect to Counts One through Four;

b. For judgment in favor of Plaintiff and against Defendant for appropriate punitive damages with respect to Counts One through Four;

c. For reasonable attorney's fees;

d. For interest on all monetary awards from date of judicial demand until paid;

e. For all costs of these proceedings, including expert witness fees; and

f. Such other relief as this Court deems just and equitable.

Respectfully submitted,

_____
Daniel R. Keele
Attorney for Eric Schonfarber
Bar Roll Number 18975
2800 Youree Drive, Suite 464
Shreveport, LA 71104
318-861-4550 voice
318-861-4520 fax
K9lawyer@bellsouth.net

Please serve:
Lewis Okey Sams
615 East Carroll Street
Coushatta, LA 71019